UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES CRENSHAW,<br><br>    Petitioner<br><br>v.<br><br>THOMAS STACHELEK, et al.<br><br>    Respondents. | CIVIL ACTION<br><br>No. 02-cv-0809 |

**MEMORANDUM**

August 12, 2009                                                                                                    Pollak, J.

Charles Crenshaw, a prisoner in Pennsylvania's Dallas State Correctional Institute, has filed a motion for relief from judgment (docket no. 18), pursuant to Fed. R. Civ. P. 60(b)(6),[1] challenging this court's dismissal of his petition for *habeas corpus* in November 2002. Crenshaw was convicted by a jury in the Philadelphia Court of Common Pleas of first-degree murder and possession of an instrument of crime. After pursuing appeal and post-conviction relief in state courts, Crenshaw filed a petition for a writ of habeas corpus, which this court dismissed as untimely. *See* Order Adopting Report & Recc. (docket no. 16). Crenshaw seeks review of that decision because it

---

[1] "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... any other reason that justifies relief."

1.

involved application, to the statute of limitations issue, of *Artuz v. Bennett*, 531 U.S. 4 (2000), an opinion that was reviewed further by the Supreme Court in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Crenshaw contends that the clarification offered by the Supreme Court in *Pace* represents the kind of extraordinary circumstance that justifies reversing this court's earlier decision on his petition.

First, I must determine if Crenshaw is entitled to review of his Rule 60 motion under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). AEDPA altered the federal *habeas corpus* statute to limit second or successive petitions for relief from a state criminal conviction. *See* 28 U.S.C. § 2244(b)(2). Some Rule 60 motions constitute second petitions and some do not:

> [I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

> If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules.

*Gonzales v. Crosby*, 545 U.S. 524, 533 (2005). *Crosby* is particularly useful to Crenshaw's motion: "Because petitioner's Rule 60(b) motion challenges only the District Court's previous ruling on the AEDPA statute of limitations, it is not the equivalent of a

successive habeas petition." *Id*. at 535-36. Accordingly, it is proper for me to review Crenshaw's motion.

As to the merits, this court dismissed Crenshaw's habeas petition as untimely after analyzing the statute of limitations issue with reference to *Artuz*:

> There is an exception in the statute, however, for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). [The Third Circuit] adopted a "flexible approach" regarding the forms of state review that qualify for equitable tolling. *Nara v. Frank*, 264 F.3d 310, 315-316 (3d Cir. 2001) (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, . . . the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.")

Report & Reccomendation at 7.[2] In 2005, in *Pace v. DiGuglielmo,* the Supreme Court answered a question left open by the *Artuz* opinion:

> In *Artuz v. Bennett*, *supra*, we held that time limits on postconviction petitions are "condition[s] to filing," such that an untimely petition would not be deemed "properly filed." *Id.,* at 8, 11 ("[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" including "time limits upon its delivery"). However, we reserved the question we face here: "whether the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed." *Id*., at 8 n. 2. Having now

---

[2] I referred Crenshaw's petition to Magistrate Judge Arnold Rapoport who evaluated it and issued a Report & Recommendation (docket no. 16) on November 26, 2002. I then conducted an independent review of the Report & Recommendation. In an order (doicket no. 17) dated February 11, 2003, I approved and adopted the Report & Recommendation in full and denied Crenshaw's petition for *habeas* relief.

considered the question, we see no grounds for treating the two differently.

*Pace*, 544 U.S. at 413.[3]

Crenshaw does not argue that this court misapplied *Artuz* to the statute of limitations issue back in 2002; instead, he argues that he is entitled to relief because the *Artuz* ruling has been modified by the Supreme Court in *Pace*:

> This Honorable Court's interpretation of the AEDPA statute of limitations was by all appearances correct under the Third Circuit's then prevailing interpretation of 28 U.S.C. § 2244(d)(2).
>
> It was **extraordinary** that subsequently, after Petitioner's case the Supreme Court of the United States arrived at a different interpretation.

Pet. Mem. at 7 (emphasis in original).

Beyond the fact that the change wrought by *Pace* is unhelpful to his petition, Crenshaw is not entitled to relief on the ground presented because it is not extraordinary. The Supreme Court rejected exactly this kind of argument in *Crosby*:

> [R]elief under Rule 60(b)(6) — the only subsection petitioner invokes — requires a showing of "extraordinary circumstances." Petitioner contends that

---

[3] I will note, without relying on it to decide this motion, that the Supreme Court's ruling in *Pace* has been generally regarded, by both scholars and the Court itself, as making the statute of limitations for federal *habeas corpus* relief more restrictive than earlier interpretations rather than less. *See, e.g.*, Anne R. Traum, *Last Best Chance for the Great Writ: Equitable Tolling and Federal Habeas Corpus*, 68 Md. L. Rev. 545, 589 (2009) (describing the effect of *Pace* and its confusing ramifications for state prisoners navigating federal *habeas* procedure); *Crosby*, 545 U.S. at 537 (characterizing the Court's ruling in *Pace* on the *habeas* statute of limitations as less-generous to petitioners than previous rulings).

4.

*Artuz's* change in the interpretation of the AEDPA statute of limitations meets this description. We do not agree. The District Court's interpretation was by all appearances correct under the ... then-prevailing interpretation of 28 U.S.C. § 2244(d)(2). It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation. Although our constructions of federal statutes customarily apply to all cases then pending on direct review, see, *e.g., Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 97 (1993), not every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final. If *Artuz* justified reopening long-ago dismissals based on a lower court's unduly parsimonious interpretation of § 2244(d)(2), then *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), would justify reopening long-ago grants of habeas relief based on a lower court's unduly *generous* interpretation of the same tolling provision.

*Id*. at 536-37.

Accordingly, I will deny petitioner's Rule 60(b)(6) motion because he has not demonstrated extraordinary circumstances that warrant relief. An appropriate order follows.